UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
VIJAYKUMAR PATEL OBO
RAMILABEN PATEL,

               Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-0237-FB

*Appearances*:
*For the Plaintiff*:
CHARLES E. BINDER, ESQ.
Law Offices of Charles E. Binder and
Harry J. Binder, LLP
485 Madison Ave. Suite 501
New York, New York 10022

*For the Defendant*:
MARK J. LESKO, ESQ.
Acting United States Attorney
Eastern District of New York
By: JEFFREY J. LEIFERT
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Vijaykumar Patel, on behalf of his wife, Ramilaben Patel, seeks review of the Commissioner of Social Security's termination of her disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Patel's motion is granted, the Commissioner's motion is denied, and this case is remanded for the calculation of benefits.

**I.**

      Ramilaben Patel was born in 1957 and worked as a cashier prior to her

1

disability. She was initially found to be disabled on March 21, 1997. A cessation notice, dated August 4, 2000, terminated her benefits based on medical improvement. Patel seeks benefits from August 1, 2000 to January 8, 2004, when she returned to work. At her initial award of benefits, her impairments of lumbar disc disease and right knee impairment, associated with a car accident in December 1994, equaled a listing under Subpart P. R. at 121. From August 2000 to January 2004, she had the following impairments: cervical disc disease, lumbar disc disease, right knee derangement status post arthroscopy, osteoporosis, bilateral knee osteopenia, restrictive lung condition, and diabetes, R. at 508, as well as arthritis in her right thumb and spur formation in her neck. R. at 373. To treat these conditions over the years, she underwent knee surgery, used a cane, knee brace, and back brace, had physical therapy, and took pain medication. She died in April 2016.

Since August 2000, there have been five hearings in front of three ALJs regarding the termination of Patel's benefits. Her case has been remanded four times by the Appeals Council, once involving the District Court of the Eastern District of New York. The fifth hearing was held on November 2, 2017 by ALJ Ifeoma N. Iwuamadi. On January 18, 2018, ALJ Iwuamadi found that Patel was no longer disabled as of August 1, 2000. Plaintiff requested review. The Appeals Council denied review on September 13, 2019. This action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

Under the medical improvement standard, the Commissioner has the burden of proof. "[T]he Secretary may terminate benefits to a person previously adjudged to be disabled only upon substantial evidence that the individual's condition has improved to the point that he or she is no longer disabled…." *Irvin v. Heckler*, 592 F. Supp. 531, 535 (S.D.N.Y. 1984) (citing *De Leon v. Sec'y of Health and Human Servs.,* 734 F.2d 930, 936 (2d Cir.1984)); 20 C.F.R. § 404.1594(a), (b)(3). The claimant "is entitled to a presumption that the condition remains disabling." *Irvin*, 592 F. Supp. at 535.

When terminating benefits, a "comparative standard should be employed." *De Leon,* 734 F.2d at 937. Medical improvement is defined as any decrease in the medical severity of a claimant's impairment which was present at the time of the most recent favorable medical decision. 20 C.F.R. § 404.1594(b)(1). A

3

determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, or laboratory findings associated with a claimant's impairments. *Carbone v. Astrue,* No. 08-CV-2376 NGG, 2010 WL 3398960, at *12–13 (E.D.N.Y. Aug. 26, 2010).

### III.

The treating physician rule requires the ALJ to give "controlling weight" to the opinion of the treating physician "as to the nature and severity of the impairment" unless it is "inconsistent with other substantial evidence in [the] case record." *Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 9 (2d Cir. 2020) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).[1]

When deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90 (2d Cir. 2019). First, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id*. at 95. Then, "if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give" and must "explicitly consider" the four nonexclusive *Burgess* factors: (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the

---

[1] The treating physician's rule applies because Patel's application was filed prior to March 27, 2017. 20 C.F.R. § 404.1527.

4

remaining medical evidence; and (4) whether the physician is a specialist. *Estrella*, 925 F.3d at 95-96 (*citing Burgess,* 537 F.3d at 129 and 20 C.F.R. § 404.1527(c)(2)).

When evaluating "other sources," such as physician assistants, "the ALJ must use the same factors for the evaluation of the opinions from 'acceptable medical sources' enumerated in 20 C.F.R. 404.1527(d)." *Saxon v. Astrue*, 781 F. Supp. 2d 92, 104 (N.D.N.Y. 2011) (citing *Canales v. Comm'r of Soc. Sec.,* 698 F.Supp.2d 335, 344 (E.D.N.Y. 2010)).

The ALJ did not properly apply the treating physician's rule. The ALJ did not explicitly consider the factors in 20 C.F.R. § 404.1527. That alone is reason to remand. *Estrella v. Berryhill*, 925 F.3d 90, 95-96, 98 (2d Cir. 2019) ("When an ALJ does not explicitly consider these factors, remand is required for further proceedings."). In addition, the ALJ erred in weighing the medical opinions of Dr. Sinha and Mr. O'Connor. The ALJ assigned "limited weight" to the opinion of Dr. Sinha and "no weight" to that of Mr. O'Connor. She concluded that Dr. Sinha's treatment "appear[ed] cursory," and that Mr. O'Connor, a physician assistant in Dr. Sinha's office, was not an acceptable medical source. R. 515. This was an error. The record shows Dr. Sinha reviewed Patel's full medical history, including her MRI from 1995, to provide a diagnosis of her condition, and Patel continued to receive care from Dr. Sinha's office with Mr. O'Connor.

Mr. O'Connor is an "other source," who "cannot establish the existence of a

5

medically determinable impairment," but his opinion may provide "special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03P (S.S.A. Aug. 9, 2006); 20 C.F.R. § 404.1527(f)*; see also Muntz v. Astrue*, 540 F. Supp. 2d 411, 421 (W.D.N.Y. 2008) (pointing to physician assistant testimony as substantial evidence). Mr. O'Connor did just that. After Dr. Sinha's initial diagnosis, Mr. O'Connor provided Ms. Patel additional care, the notes from which were reviewed by Dr. Sinha. R. at 269-386. The ALJ should have given "controlling weight" to Dr. Sinha's—and in practical effect to Mr. O'Connor's—medical opinions regarding Ms. Patel's ongoing condition and symptoms.

The ALJ also erred in its consideration of Dr. Chaim Eliav's opinion and assigning it "little weight." R. at 516. Dr. Eliav testified that Patel had shown no medical improvement—consistent with Dr. Sinha and Mr. O'Connor—and "although she would not meet a listing[,] she would have severe fall-offs in function." R. at 862-863, 868. The ALJ determined this testimony was "internally inconsistent."[2] This, too, was an error. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.'") (quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)). Further, Patel's conditions were initially

---

[2] The ALJ did use his testimony to corroborate her RFC determination. R. 516.

6

determined to have equaled, not to have met, a listing. R. at 121; *see* 20 C.F.R. § 416.926(b). With no evidence of improvement, the ALJ must assume her condition remained disabling. *Irvin*, 592 F. Supp. at 535 (The claimant "is entitled to a presumption that the condition remains disabling.").

### IV.

The ALJ evaluation of the remaining evidence was flawed. Because testimony of other medical sources was properly excluded from consideration,[3] the ALJ's opinion was primarily based on evidence from isolated visits to Patel's primary care physician, ophthalmologist, and gynecologist. R. at 511-14. Yet the testimony of Patel's treating medical sources as well as the ALJ's consulting expert, Dr. Eliav, show that Patel's condition had not improved during the closed period, directly contradicting the ALJ's conclusion. The ALJ can neither substitute her own opinion for the experts, nor cherry-pick the facts to support her conclusion. *See Rosa*, 168 F.3d at 79; *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) ("[The ALJ] cannot pick and choose evidence that supports a particular conclusion.") (citing *Fiorello v. Heckler*, 725 F.2d 174, 175-76 (2d Cir. 1983)).

There is no other substantial evidence of a decrease in the medical severity of Patel's impairments. To show medical improvement, the ALJ pointed to a statement

---

[3] An examination by Dr. Khattak was given no weight because he was removed from the list of approved consultative examiners. R. at 515. Evaluations from October 2004 by Dr. Kurzner and Dr. De Leon were given no weight because their opinions postdate the period at issue. *Id.*

7

of improved neck pain and her alleged noncompliance with diabetes treatment. Neither was an impairment that qualified her for disability in 1997. R. at 509, 513. The evidence does show that Patel's treatment continued throughout the closed period. *See e.g.*, R. at 376, 384, 394. Patel's treatment did not need to escalate to prove she was still disabled. Nor could the ALJ's opinions about her "conservative treatment" prove a medical improvement or lack of disability. *See* R. at 509 (ALJ states Patel was "only prescribed" daily pain medication); *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quoting *Shaw v. Chater,* 221 F.3d 126, 134-35 (2d Cir. 2000) ("an ALJ "may not impose [ ] [her respective] notion that the severity of a[n] ... impairment directly correlates with the intrusiveness of the medical treatment ordered")).

The ALJ erred by discounting Patel's subjective statements.[4] The ALJ concluded that Patel's daily activity indicated she was not in pain and/or that her impairments were not severe. R. at 514. She points to Patel's ability to make short drives, go to temple, and visit with family as evidence that her condition had improved. *Id.* However, participating in limited activities does not necessarily mean that Patel was not disabled. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)

---

[4] Like the analysis of the treating physicians, the ALJ was required to address specific factors when determining the credibility of Patel's subjective statements. 20 C.F.R. § 404.1529(c)(2)(i)-(vii); *Meadors v. Astrue*, 370 Fed.Appx. 179, 183-84 (2d Cir. 2010). *Valet v. Astrue*, No. 10-CV-3282, 2012 WL 194970 *22 (E.D.N.Y. Jan. 23, 2012) (remanding where the ALJ "considered some, but not all of the mandatory" factors for considering subjective statements).

8

(finding that the claimant's daily activities did not provide evidence that he "engaged in any of these activities for sustained periods comparable to those required to hold a sedentary job."); *Scognamiglio v. Saul*, 432 F.Supp.3d 239, 252 (E.D.N.Y. 2020) (ALJ erred by discounting claimant's subjective allegations because she is able to drive, go for short walks, prepare simple meals, go outside, shop in stores, and go to church); *Cabibi v. Colvin*, 50 F.Supp.3d 213 (E.D.N.Y 2014) ("A claimant need not be an invalid to be found disabled."); *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) ("Such [personal] activities do not by themselves contradict allegations of disability, as people should not be penalized for enduring the pain of their disability in order to care for themselves."). Further, the ALJ selectively discussed Patel's testimony. This too was improper. *See Smith*, 687 F. Supp. at 904. Though Patel reported that she drove locally, she also stated that she needed help bathing, that she could get dressed by herself "slowly," and that her family did all the household chores. R. at 133. Most of her family visits included 10-minute walks or visits at her home. R. at 165, 173. These limited activities do now show that Patel was no longer disabled.

Because this Court remands on other grounds, I decline to review the constitutionality of the ALJs appointment.

## IV.

"Where the reversal is based solely on the Commissioner's failure to sustain

9

her burden of adducing evidence of the claimant's capability of gainful employment and the Commissioner's finding that the claimant can engage in 'sedentary' work is not supported by substantial evidence, no purpose would be served by our remanding the case for rehearing unless the Commissioner could offer additional evidence." *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998) (citing *Carroll v. Sec'y of Health & Hum. Servs.*, 705 F.2d 638, 644 (2d Cir. 1983) (internal quotations omitted).

The Commissioner has now had twenty years, five hearings, and four remands to show Ms. Patel was not disabled from August 1, 2000 to January 8, 2004. Each remand required supplements to the evidentiary record or the proper treatment of evidence. As Ms. Patel is now deceased, there is no new evidence that can help illuminate the state of her condition between 2000 and 2004. As such, this case is remanded solely for the calculation of benefits.

## CONCLUSION

For the foregoing reasons, Patel's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED for calculation of benefits.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2021